IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Isiah James, Jr., #96883, ) | |
| ) | |
| Petitioner, ) | |
| ) | C/A No.: 1:17-cv-1837-TLW |
| v. ) | |
| ) | |
| Bryan P. Stirling, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

## ORDER

Petitioner Isiah James, Jr., proceeding *pro se*, filed this petition pursuant to 28 U.S.C. § 2241 on July 11, 2017. ECF No. 1. The Respondent filed a Motion for Summary Judgment on September 26, 2017. ECF No. 9. The Petitioner filed a response to the motion on October 17, 2017. ECF No. 12. This matter now comes before this Court for review of the Report and Recommendation (the Report) filed on November 6, 2017, by United States Magistrate Judge Shiva V. Hodges, to whom this case was previously assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), (D.S.C.). ECF No. 13. In the Report, the Magistrate Judge recommends granting the Respondent's Motion for Summary Judgment. *Id.* Petitioner filed Objections to the Report on November 15, 2017. ECF No. 15.[1] In response to Petitioner's

---

[1] Petitioner has filed a Motion to Remand to the Magistrate Judge in addition to his objections. ECF No. 19. The Court finds that Petitioner has not stated a factual or legal basis for this Court to grant his Motion. Therefore, Petitioner's motion, ECF No. 19, is **DENIED**.

Objections, the Respondent filed a Supplement to his Motion for Summary Judgment. ECF No. 22.[2] This matter is now ripe for disposition.

The Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the Report, the Objections, and other relevant filings. Respondent's Supplement to Motion for Summary Judgment, filed on June 29, 2018 states, "[a]s of today, it appears this matter is still pending in the South Carolina Supreme Court under Appellate Case Number 2018-001078." ECF No. 22 at 3. The Petitioner did not respond to this Supplemental filing by the Respondent.

---

[2] Respondent filed a Motion for Stay of time to file the reply to objections, ECF No. 21, and subsequently filed his supplement in reply, ECF No. 22. Thus, the motion, ECF No. 21, is deemed **MOOT**.

After careful consideration, the Court accepts the detailed factual and legal analysis in the Report. The Magistrate Judge states in the Report, "Although Petitioner argues futility . . ., this argument is not availing, as he fails to present any evidence that Respondent has failed to make a timely response to his Step 2 grievance . . . . Accordingly, Petitioner has failed to properly exhaust his state court remedies and is barred from obtaining federal habeas corpus at this time." ECF No. 13 at 5. In his objections, the Petitioner does not address the Magistrate Judge's conclusion that the Petitioner has failed to exhaust state remedies. The Court concludes that the Petitioner's objections are repetitive and offer no showing, either factually or legally, that the Respondent's motion should be denied. Therefore, **IT IS ORDERED** that the Report, ECF No. 13, is **ACCEPTED**, and the Objections to the Report, ECF No. 15, are **OVERRULED**. For the reasons stated in the Report and those stated herein, Respondent's Motion for Summary Judgment, ECF No. 9, is **GRANTED**, and the Petition, ECF No. 1, is hereby **DISMISSED** without prejudice.

 **IT IS SO ORDERED**.[3]

 *s/Terry L. Wooten*_____
 Chief United States District Judge

September 24, 2018
Columbia, South Carolina

---

[3] Unlike in a § 2254 or § 2255 proceeding, it is not necessary for a petitioner to obtain a certificate of appealability to appeal an order dismissing a § 2241 petition. *Sanders v. O'Brien*, 376 F. App'x 306, 307 (4th Cir. 2010).